# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **SOBECK ENTERPRISE, INC. d/b/a "CHICKEN SHACK,"** | **Case No. xxx** |
| *Plaintiff*, | **Hon.** |
| v. | |
| **PRETTYY TASTEE CHICKEN SHACK LLC,** | *JURY TRIAL DEMANDED* |
| *Defendant*. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Sobeck Enterprises, Inc. d/b/a Chicken Shack ("Chicken Shack") for its Complaint against Defendant Prettyy Tastee Chicken Shack, LLC and Richard Logan ("Defendants"), alleges as follows:

## I.     NATURE OF ACTION

1. This is a complaint for infringement by Chicken Shack against Defendants for trademark infringement.

2. Chicken Shack brings this action in order to prevent consumer confusion in the marketplace and protect its valuable intellectual property assets associated with Chicken Shack.

3. Defendants, without authorization and with knowledge of Chicken Shack's prior rights, display a confusingly similar trademark in connection with the same or virtually identical services.

4. Accordingly, this is an action for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and unfair, unconscionable, or deceptive methods, acts, or practices under the Michigan Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901 *et seq*.

## II.     THE PARTIES

5. Sobeck Enterprises, Inc. is a Michigan limited liability company, having an address at 18330 Devonshire St., Beverly Hills, MI 48025.

6. On information and belief, Defendant Prettyy Tastee, LLC is a Michigan limited liability company located at 2548 Elizabeth Lake Road, Waterford, MI 48328. Upon further information and belief, Defendant Richard Logan is the owner of Prettyy Tastee, LLC.

### III. JURISDICTION AND VENUE

7. Because this civil action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and specifically 15 U.S.C. §§ 1114 and 1125, this Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8. This Court has subject matter jurisdiction over Chicken Shack's Michigan state law claims pursuant to 28 U.S.C. § 1338(b), in that these claims are joined with a substantial related claim under the Lanham Act and arise out of a common nucleus of operative facts with those from which the federal claim arises. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9. Upon information and belief, this Court has personal jurisdiction over the Defendants because, among other reasons, Defendant is a Michigan limited liability company that resides and has done business in this District, and Defendant has committed and continues to commit acts of trademark infringement in this District.

10. Venue is proper in this District under 28 U.S.C. § 1391.

## IV. FACTUAL BACKGROUND

11. Chicken Shack is a restaurant chain that serves American style dishes, many of which include fried chicken, that currently has 23 locations across the metropolitan Detroit area.

12. Since 1956, Chicken Shack has used the "Chicken Shack" mark continuously as a trademark in connection with restaurant services, including in connection with marketing and advertising its services, and through its website, chickenshack.com. The Sobeck family, through its corporation Sobeck Enterprises, Inc., has retained ownership of Chicken Shack since its creation by John Sobeck and exclusively operates in southeast Michigan.

13. As a result of this use, Chicken Shack has obtained the following trademark registrations:

| Mark | Goods/Services | Reg. No. | Reg. Date | First Use Date |
|---|---|---|---|---|
| Chicken Shack | Café services; Restaurant and catering services; Fast casual restaurants; Providing of food and drink via a mobile truck (Class 043) | 6823573 | Aug. 23, 2022 | June, 1956 |
| Chicken Shack | Restaurant Services (Class 042) | 2262937 | July 20, 1999 | June, 1956 |
| Detroit's Original Chicken Shack | Café services; Restaurant and catering services; Fast casual restaurants; Providing of food and drink via a | 6783826 | July 5, 2022 | Dec. 11, 2019 |

3

| Mark | Goods/Services | Reg. No. | Reg. Date | First Use Date |
|---|---|---|---|---|
| | mobile truck (Class 043) | | | |

These marks shall be collectively referred to as the "Chicken Shack Marks." These registrations are valid and subsisting, uncancelled and unrevoked, and constitute *prima facie* and/or conclusive evidence of Chicken Shack's exclusive right to use the Chicken Shack Marks in commerce on or in connection with the goods and services specified in such registrations. In addition, U.S. Registration No. 2262937 is incontestable. Copies of these registrations are attached hereto as Exhibit A.

14. As a result of Chicken Shack's extensive and long-term promotional and marketing efforts, and the quality of Chicken Shack restaurant services, the Chicken Shack marks have become widely and favorably known and are a valuable asset of Chicken Shack and a symbol of its goodwill. Over the past 66 years of continuous operation, customers have come to associate and identify the Chicken Shack Marks exclusively with Chicken Shack.

15. Chicken Shack is the current owner of all rights in the Chicken Shack Marks, including in connection with the marketing and promotion of its restaurant and food preparation services.

16. On December 18, 2020, Prettyy Tastee Chicken Shack, LLC d/b/a Prettyy Tastee Chicken Shack, ("Prettyy Tastee") began using the confusingly

similar trade name Pretty Tastee Chicken Shack, including the stylized version

("PT Mark") in connection with restaurant and food preparation services that were identical or closely related to those of Chicken Shack.

17. Upon information and belief, Defendants own and/or operate the building located at 2548 Elizabeth Lake Rd., Waterford, MI 48328.

18. By using the infringing Chicken Shack Marks to advertise restaurant and food preparation services, Defendants have harmed Chicken Shack's business reputation and goodwill. Indeed, customers are likely to believe that the services offered at Defendants' building are offered by Chicken Shack when that is not the case.

## V.   COUNT I - FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

19. Chicken Shack incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

20. Despite Chicken Shack's well-known prior rights in the trademarks of the Chicken Shack Registrations, Defendants have, without Chicken Shack's consent, used in commerce the Chicken Shack Marks or a close approximation thereof in connection with the sale, offering for sale, distribution, and/or advertising of services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

5

21. Chicken Shack's federal registrations on the Principal Register of the U.S. Patent and Trademark Office for the Chicken Shack Marks are prima facie evidence of the validity of the marks, Chicken Shack's ownership of the marks, and Chicken Shack's exclusive right to use the Chicken Shack Marks in commerce in connection with the listed goods and services, pursuant to the Lanham Act, 15 U.S.C. § 1115.

22. Defendants' use of the Chicken Shack Marks has been done with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of Chicken Shack's services.

23. As a direct and proximate result of Defendants' actions, Chicken Shack has suffered irreparable harm to the valuable Chicken Shack Marks mark and to its business, goodwill, reputation, and profits. An award of monetary damages alone cannot fully compensate Chicken Shack for its injuries and Chicken Shack lacks an adequate remedy at law.

24. The foregoing acts of infringement have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

25. Chicken Shack is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

## VI. COUNT II - FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

26. Chicken Shack incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

27. Defendants have adopted and/or used the Chicken Shack Marks without Chicken Shack's authorization or consent purportedly in connection with the offering of restaurant and food preparation services.

28. Defendants' conduct, including the use of the Chicken Shack Marks, is likely to cause confusion, mistake, or deception as to whether Defendants are offering products that originate from Chicken Shack and as to whether Defendants are associated or affiliated with, connected to, or sponsored, endorsed, or approved by Chicken Shack.

29. Defendants have engaged in the use of false designations of origin in violation of Section 43(a)(1)(A) of the federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

30. Defendants' conduct has caused significant irreparable injury and damage to Chicken Shack and there is no adequate remedy at law sufficient to compensate Chicken Shack for its injuries.

31. Chicken Shack has been directly and proximately injured as a result of Defendants' actions, including but not limited to injuries to Chicken Shack's potential customer relationships, competitive edge, reputation, and goodwill.

32. Chicken Shack is therefore entitled to appropriate relief against Defendants as prayed for hereinafter, including temporary, preliminary, and permanent injunctive relief, damages, enhanced damages, profits, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## VII. COUNT III
## VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
## MICH. COMP LAWS ANN. §§ 445.901 *et seq.*

33. Chicken Shack incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

34. Defendants engage in trade or commerce within the meaning of the MCPA, M.C.L § 445.901 *et seq.*

35. Chicken Shack enjoys well-established common law mark rights in the Chicken Shack Marks in the state of Michigan. Chicken Shack has rights superior to any rights that the Defendants may claim and has built significant goodwill in the same.

36. Chicken Shack first adopted and used the Chicken Shack Marks in its market or trade area as a means of establishing goodwill and reputation to describe, identify, or denominate particular goods and/or services rendered or offered by Chicken Shack and to distinguish them from similar goods and services rendered or offered by others. As a result, the Marks have acquired secondary meaning.

37. Defendants' acts as complained of herein create a likelihood of confusion and/or a misunderstanding as to the source, sponsorship or approval of Chicken Shack and Defendants' services in violation of M.C.L. §§ 445.901 *et seq.*

38. By engaging in these deceptive trade practices, Defendants have directed the acts alleged herein to the market generally, thereby directly implicating the consumer protection concerns invoked by the MCPA, M.C.L. §§ 445.901 *et seq.*

39. The acts and conduct as alleged above in this Complaint constitute violations of the MCPA, including but not limited to, subsections M.C.L. § 445.903(1)(a), 445.903(1)(b), 445.903(1)(c), and 445.903(1)(e).

40. As a result of Defendants' violations of the MCPA, Chicken Shack will suffer losses, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of the Chicken Shack Marks.

41. As a result, Chicken Shack is entitled to recover damages actual or statutory, whichever is greater, and injunctive relief as requested herein, together with attorneys' fees pursuant to Mich. Comp. Laws § 445.911.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chicken Shack prays for relief against Defendants as follows:

A. A determination that the Defendants are liable to Chicken Shack for trademark infringement under 15 U.S.C. § 1114(1)(a);

B. A determination that Defendants are liable to Chicken Shack for unfair competition under 15 U.S.C. § 1125(a);

C. A determination that the Defendants are liable to Chicken Shack for violation of the Michigan Consumer Protection Act, and award of all actual and statutory damages, including costs and reasonable attorneys' fees, as authorized by the Act;

D. A determination that this case is "exceptional," under 15 U.S.C. § 1117(a);

E. An Order enjoining, preliminarily and permanently, the Defendants and each of their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, from using a mark that is confusingly similar to Plaintiff's Chicken Shack Marks;

F. An award of damages adequate to compensate Plaintiff for the actionable conduct of the Defendants, including, subject to the principles of equity, recovery by Plaintiff of (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs of this action;

G. An award of costs and disbursements incurred in this action, including Chicken Shack's reasonable attorneys' fees;

10

H.    For an award of Chicken Shack's damages trebled plus the costs and attorneys' fees, pursuant to 15 U.S.C. § 1117;

I.    For an award of interest, including pre-judgment interest on the foregoing sums; and

J.    A grant of such other, different, and additional relief the Court may deem equitable and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(B) and 5(d), Chicken Shack demands a jury trial of all issues triable by jury.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  October 28, 2022

 /s/ Rebecca J. Cantor
Mark A. Cantor (P32661)
Rebecca J. Cantor (P76826)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mcantor@brookskushman.com
            rcantor@brookskushman.com

*Attorneys for Plaintiff*